**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**JORGE STALIN VILLAGRAN** *

*

*Plaintiff,*

*

v. Case No. 1:26-cv-03407-JMC

*

**AMBER MEADOWS ASSOCIATION, INC.**

*

*Defendant.*

*

* * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Jorge Stalin Villagran ("Plaintiff") initiated the present lawsuit on August 27, 2026. (ECF No. 1). The lawsuit arises from an alleged unlawful entry and the unauthorized alteration of Plaintiff's property by Defendant Amber Meadows Association, Inc. ("Defendant" or "HOA"). *Id.* Plaintiff asserts a claim for declaratory judgment (Count I); trespass and unauthorized entry (Count II); negligence (Count III); breach of governing documents (Count IV); records and governance relief (Count V); injunctive relief and future protection (Count VI); unequal enforcement or discriminatory treatment (Count VII); and an assessment of management fees and the existing agreement (Count VIII). Presently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). The motion has been fully briefed (ECF Nos. 13, 16) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth herein, Defendant's Motion to Dismiss (ECF No. 13) shall be granted.

## I. BACKGROUND

Plaintiff resides and owns 1750 Carriage Way, Frederick, Maryland 21702. (ECF No. 1 at 1).[1] On September 16, 2025, Defendant filed an action against Plaintiff in the Circuit Court for Frederick County, Maryland. (ECF No. 13-2). Defendant alleged that "Plaintiff had performed unauthorized work on his property and had otherwise failed to maintain his property properly." (ECF No. 13 at 7). Plaintiff failed to file an answer or any other responsive pleading.

On June 22, 2026, the Circuit Court entered an order requiring Plaintiff, within thirty days, "to restore the walkway to its original condition, restore the front porch pillars to their original condition, remove the nonconforming shed, and repair the rear fence." (ECF No. 13-3 at 2). The Circuit Court also ordered that, if Plaintiff failed to comply, Defendant would be authorized to enter the property "and perform the work necessary to bring the Property into compliance." *Id.* Plaintiff failed to comply with the Circuit Court's order. Therefore, Defendant entered Plaintiff's property and performed the repairs.

Rather than take any action in state circuit court or seek state court appellate review, Plaintiff instead brought the instant case on August 27, 2026. Plaintiff alleges that Defendant unlawfully entered and performed unauthorized work which caused damage to his property. Plaintiff requests that his property including the "exterior walls, siding, insulation, roof, gutters, drainage system, concrete steps, surrounding soil, and other affected portions" be restored to their "prior or approved condition…." (ECF No. 1 at 3). Plaintiff contends that he did not receive an adequate pre-construction consultation, nor the opportunity to discuss the scope of the "work, plans, drawings, contractor information, permit information …." *Id.* at 2. Plaintiff further alleges

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document does not have an electronic filing stamp, the Court is referring to the page numbers at the bottom of the document.

that he was treated differently than an adjoining property owner as it pertains to the HOA's application and review process. Defendant moves to dismiss the case on three grounds: (1) lack of subject matter jurisdiction; (2) *res judicata*; and, (3) insufficient service of process. (ECF No. 13).

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 12(b)(1), "the Plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *United States ex rel. Maharaj v. Estate of Zimmerman*, 427 F. Supp. 3d 625, 637-38 (D. Md. 2019). "A challenge to subject matter jurisdiction … may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Id.* at 638 (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (citation omitted). As relevant here, with a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192. Thus, Plaintiff is "afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("[I]t may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.").

## III. ANALYSIS

### A. Plaintiff Fails to Establish Subject Matter Jurisdiction

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal courts are courts of limited jurisdiction, so they "may not exercise jurisdiction absent a statutory basis" *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).

i. <u>This Court lacks diversity jurisdiction</u>.

Diversity jurisdiction under 28 U.S.C. §1332 (a)(1) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .... citizens of different States." More specifically, it "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). "[A]n individual is a citizen of the state where the person is domiciled, which "requires physical presence, coupled with an intent to make the State a home." *Bochenski v. M & T Bank*, Civ. No. ELH-14-1031, 2014 WL 3671570 at *2 (D. Md. July 21, 2014) (quoting *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.,* 549 F.3d 932, 937 n. 2 (4th Cir.2008)). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332 (c)(1). Here, Plaintiff seeks damages of at least $94,000 in good faith which satisfies the amount-in controversy requirement. (ECF No. 1 at 3); s*ee also Dow v. Jones,* 232 F. Supp. 2d 491, 497–98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering

such an amount.”). However, both parties share the same domicile or citizenship. Plaintiff’s domicile is 1750 Carriage Way, Frederick, Maryland 21702. *Id.* at 1. Defendant is a corporation and its principal place of business is 92 Thomas Johnson Drive, Frederick, Maryland 21702. *Id*; *see* (ECF No. 13 at 4). For this reason, diversity subject matter jurisdiction does not exist.

ii. <u>This Court lacks federal question jurisdiction.</u>

Section 1331 of Title 28 sets forth federal question jurisdiction by providing the district courts “original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.” “[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action.” *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). ““There is no ‘single, precise definition’ “of the “concept” of federal question jurisdiction.” *Larson v. Abbott Laboratories*, Civ. No. ELH-13-00554, 2013 WL 5937824 at *6 (D. Md. Nov. 5, 2013) (quoting *Merrell*, 478 U.S. at 808 (citation omitted)). “Most directly, a case arises under federal law when federal law creates the cause of action asserted.” *Gunn v. Minton*, 568 U.S. 251, 258 (2013). As such, the “well-pleaded complaint rule” requires that a federal question appear “on the face of a plaintiff’s properly pleaded complaint.” *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) (citation omitted); *see Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (“[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.”).

Plaintiff brings a variety of claims against Defendant based on the alleged unauthorized alteration of his property. They are declaratory judgment (Count I); trespass and unauthorized entry (Count II); negligence (Count III); breach of governing documents (Count IV); records and governance relief (Count V); injunctive relief and future protection (Count VI); unequal enforcement or discriminatory treatment (Count VII); and an assessment of management fees and

the existing agreement (Count VIII). "This Court is mindful … of its obligation to construe liberally the pleadings of self-represented litigants." *Miller v. Malagari*, Civ. No. ELH-20-672, 2020 WL 1491360 at *1 (D. Md. Mar. 27, 2020). Even so, it is only Plaintiff's "unequal enforcement or discriminatory treatment" claim that can be construed as an assertion of a violation under federal law. Plaintiff does not, however, cite any particular federal law for which he alleges a violation. Additionally, a broader implication of an Equal Protection Clause violation cannot be justified given that a private HOA is not a state actor.[2]

Construing Plaintiff's complaint as broadly as possible might suggest that Plaintiff is attempting to invoke the Fair Housing Act ("FHA"). *See* (ECF No. 1 at 6-7). The FHA was "enacted ... to provide for 'fair housing throughout the United States,'" *Bryant Woods Inn v. Howard County,* 124 F.3d 597, 602 (4th Cir. 1997). A claim under the FHA requires a showing of discrimination because of, or on the basis of, a protected class. *See* 42 U.S.C. §3605 (prohibiting individuals or entities engaged in residential real estate-related transactions from discriminating "because of race, color, religion, sec, handicap, familial status, or national origin"). But stretching Plaintiff's complaint to encompass invocation of the FHA is to no avail in trying to establish federal question jurisdiction because, as Defendant asserts, Plaintiff has failed to sufficiently allege a violation under the FHA. *See* (ECF No. 13 at 5-6). First, Plaintiff's sole allegation does not concern the sale or rental of his property or a residential real estate-related transaction. *See* 42 U.S.C. §3605(a). Moreover, Plaintiff alleges that he was required to comply with the HOA's

[2] Additionally, Plaintiff includes no allegations that would support the limited circumstances where a private entity undertakes a function that would otherwise be the exclusive prerogative of the state so as to give rise to a potential constitutional violation. *See, e.g., Rogers v. McMaster*, 696 F. Supp 3d 193, 204-205 (D.S.C. 2023) (finding actions of private child placement agencies did not constitute state action for purposes of the Equal Protection Clause so as to give rise to liability for Governor or state agency); *see also Steinberg v. Sturgis*, 2024 WL 4486464 at *7 (D.S.C. July 11, 2024)(finding no authority supporting a constitutional claim against a private HOA, and identifying the limited circumstances where a private entity may qualify as a state actor).

application and review processes while an adjoining property owner was not held to the "same level." (ECF No. 13 at 6). He does not, however, allege that Defendant discriminated against him on the basis of *any* of the protected classes.

Even with liberal construction, the Complaint is completely devoid of any factual allegations to show that Plaintiff's right to relief depends upon the "resolution of a substantial question of federal law." *Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 607 (4th Cir. 2002) (quoting *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (citation omitted)); *see Njau v. Harford Cnty. Tax Assessments & Taxation Dept*., Civ. No. ELH-12-2660, 2013 WL 3491142 at *2 (D. Md. July 9, 2013) (citation omitted) ("But, liberal construction cannot save a complaint where subject matter jurisdiction is plainly lacking. When "even a solicitous examination of the allegations" does not reveal anything "on which federal subject matter jurisdiction may be based," a self-represented litigant's complaint must be dismissed.").

iii. Plaintiff's Claims May be Barred by the Rooker-Feldman Doctrine.

No federal statute ""authorize[s] district courts to exercise appellate jurisdiction over state-court judgments," even those that raise issues of—or are alleged to violate—federal law." *T.M. v. Univ. of Maryland Med. Sys. Corp.,* 139 F.4th 344, 348 (4th Cir. 2025), *cert. granted*, 146 S. Ct. 878 (2025), *and aff'd,* 608 U.S. 668 (2026) (citation omitted). The *Rooker-Feldman* doctrine prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 282 (2005). "[T]he doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-court decision itself' because they 'ask [ ] the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld,* 464 F.3d 456, 464

(4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.,* 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*). To state it plainly, lower federal courts are precluded "from exercising appellate jurisdiction over final state-court judgements." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Not only is a party to a Maryland state court proceeding "able to raise objections on the basis of applicable federal law or constitutional provisions in the state proceeding" but can also seek appellate review. *Njau*, 2013 WL 3491142 at *2. Federal district courts are prohibited from "short-circuiting that process and directly reviewing the judgment of a state court." *Id.* To the extent Plaintiff is seeking an appeal of the Circuit Court's order in federal court, the Rooker-Feldman doctrine deprives this Court of jurisdiction. *See id*.

In his Opposition, Plaintiff cites *Exxon Mobil*, *supra*, 544 U.S. 280, to support his assertion that this Court has the authority to review state-court judgments and whether the state court complied with due process safeguards in rendering such judgments. *See* (ECF No. 16 at 5). However, Plaintiff incorrectly relies upon *Exxon Mobil* which confirmed that "[t]he Rooker-Feldman doctrine ... is confined to cases" possessing four characteristics: those "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." 544 U.S. at 284. Plaintiff's suit possesses all four characteristics.[3]

Accordingly, Plaintiff does not meet his burden to demonstrate that jurisdiction is proper in this court. In addition, the *Rooker-Feldman* doctrine may also bar Plaintiff's suit. Since this Court finds that it lacks subject matter jurisdiction, this opinion will not address all of Defendant's

[3] Since this case is dismissed for lack of subject matter jurisdiction, this Court will not address Plaintiff's "Supplemental Motion to Present Additional Exhibits, Request for a Hearing, and Request for Property Repair and Appropriate Relief" nor Defendant's "Motion to Strike." (ECF Nos. 17, 18).

arguments, *i.e. res judicata* and insufficient service of process. *See Messer v. Garrison Inv. Group LP*, 783 F. Supp. 3d 933, 937 (W.D. Va. 2025), *aff'd,* 177 F.4th 507 (4th Cir. 2026).

## IV. CONCLUSION

For the foregoing reasons, it is this 16 day of November 2026, hereby ORDERED that Defendant Amber Meadows Association, Inc.'s Motion to Dismiss (ECF No. 13) is GRANTED. Plaintiff's claims are dismissed without prejudice. The Clerk of the Court is directed to close this case.

Dated: November 16, 2026

/s/

J. Mark Coulson
United States Magistrate Judge